JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH GIANNELLA,<br><br>               Plaintiff,<br><br>    v.<br><br>BISHOY HANNA,<br><br>               Defendant. | Case No. 2:24-cv-00304-FLA (BFMx)<br><br>**ORDER REMANDING ACTION** |

## RULING

On January 12, 2024, Defendant Bishoy Hanna ("Hanna") filed a Notice of Removal, arguing this court has jurisdiction over three separate actions, all of which Hanna claims to be related. Dkt. 1 ("NOR"). These three actions are: (1) *Sarah Giannella v. Bishoy Hanna*, Los Angeles County Superior Court, Case No. 23SMRO00410 (the "First Action"); (2) *Bishoy Hanna v. Josh Freeman Stinn, et al.*, Los Angeles County Superior Court, Case No. 24STCV00037 (the "Second Action"); and (3) *Bishoy Hanna v. Sarah Giannella*, Los Angeles County Superior Court, Case No. 23STFL10014 (the "Third Action"). *Id.*

The court finds it lacks jurisdiction over any of the three actions. With respect to the First Action, Hanna has failed to demonstrate a basis for federal jurisdiction.

The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). Failure to do so requires the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and ... the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted). Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Here, Hanna provides no evidence or argument indicating that the court has either diversity jurisdiction or federal question jurisdiction over the First Action.[1]

With respect to the Second and Third Actions, the removing party, Hanna, is not a named Defendant. *See* NOR, Ex. 2.[2] For this reason alone, remand to state court is required. *See* 28 U.S.C. § 1441(a) (removal may be effectuated only by "the defendant or the defendants"); *Sharma v. HIS Asset Loan Obligation Tr. 2007-1 by Deutsch Bank Nat. Tr. Co.*, 23 F.4th 1167, 1169 (9th Cir. 2022) ("Because an unnamed party removed this case, the district court should have remanded it instead of retaining jurisdiction[.]").

---

[1] The First Action, as reflected in Exhibit 1 to the Notice of Removal, arises from Plaintiff Sarah Giannella's requests to the Los Angeles County Superior Court for a domestic violence restraining order, child custody and visitation order, and order to prevent child abduction. *See* NOR, Ex. 1. Hanna is named as a Respondent in this action. *Id.*

[2] Hanna only provides the Complaint in the Second Action and does not submit any documents or pleadings related to the Third Action. Based on the Notice of Removal, however, Hanna is the plaintiff in the Third Action.

2

For the reasons set forth above, subject matter jurisdiction does not exist. The court, therefore, REMANDS the First Action (Case No. 23SMRO00410), the Second Action (Case No. 24STCV00037), and the Third Action (Case No. 23STFL10014) to the Los Angeles County Superior Court. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: January 19, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge